## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JIMMY HARRIS                                                    PLAINTIFF

v.                          NO. 5:06CV00159 SWW/HDY

MICHAEL J. ASTRUE, Commissioner                                DEFENDANT
of the Social Security Administration

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States

District Judge Susan Webber Wright.  Any party may serve and file written objections to

these findings and recommendation.  Objections should be specific and should include

the factual or legal basis for the objection.  If the objection is to a factual finding,

specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the Office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings

and recommendation.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

BACKGROUND.   The record reflects that in May of 2002, plaintiff Jimmy Harris ("Harris") filed applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act").   His applications were denied initially and upon reconsideration.   He next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In March of 2005, the ALJ issued a ruling adverse to Harris.   He appealed the ruling to the Appeals Council where the decision of the ALJ was affirmed.   The decision of the ALJ therefore became the final decision of the Commissioner of the Social Security Administration ("Commissioner").   In June of 2006, Harris commenced the proceeding at bar in which he challenged the Commissioner's final decision.[1]

STANDARD OF REVIEW.   The sole inquiry for the undersigned is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.   See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000).   "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions."   See Id. at 1012.

---

[1]

Harris commenced this proceeding with the assistance of attorney James W. Stanley ("Stanley"). He filed a brief on Harris' behalf, and the Commissioner filed a brief in response.   After the briefs were filed, Stanley was suspended from practicing law in federal court.   The proceeding was stayed, and Harris was asked whether he wanted to proceed pro se.   He notified the undersigned that he intended to proceed pro se.   Thereafter, Stanley's suspension was lifted.   The undersigned then asked Harris whether he intended to continue to proceed pro se.   He did not respond to that inquiry.   Notwithstanding that failure, the undersigned will consider the briefs previously filed by the parties.

THE COMMISSIONER'S FINDINGS.  The Commissioner made his findings pursuant to the five step sequential evaluation process.  At step one, he found that Harris has not engaged in substantial gainful activity since the alleged onset date.  At step two, the Commissioner found that Harris is severely impaired as a result of "degenerative disc disease of the lumbar spine, depression, mild bilateral carpal tunnel syndrome and a pain disorder associated with both psychological features and a general medical condition ..." See Transcript at 18.  At step three, the Commissioner found that Harris does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations.  The Commissioner then assessed Harris' residual functional capacity and found it to be as follows:

> [Harris] has a residual functional capacity for light exertional work, which requires him to lift up to twenty pounds occasionally and ten pounds frequently, while sitting or standing/walking up to six hours each in an eight-hour day.  [He] is further limited to occasional bending, stooping or crouching and no crawling, kneeling or climbing while performing repetitive tasks with simple instructions and more direct supervision.

See Transcript at 19.  At step four, the Commissioner found that Harris does not retain sufficient residual functional capacity to perform his past relevant work.  At step five, the Commissioner found that, considering Harris' age, education, work experience, and residual functional capacity, there are other jobs existing in significant numbers in the national economy that he can perform.  Given that finding, the Commissioner concluded that Harris is not disabled within the meaning of the Act.

HARRIS' ASSERTIONS.  Are the Commissioner's findings supported by substantial evidence on the record as a whole?  Harris thinks not and advances several reasons why they are not.  His reasons for challenging the Commissioner's final decision generally fall into three different categories, i.e., (1) the analysis of Harris' subjective complaints; (2) the analysis of his residual functional capacity, particularly the Commissioner's analysis of the severity of Harris' depression; and (3) the propriety of the Commissioner's hypothetical questions.

HARRIS' SUBJECTIVE ALLEGATIONS.  Harris first maintains that the analysis of his subjective allegations was not in accordance with the teachings of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[2]  Specifically, he maintains the following:

> The [Commissioner] [is] not free to either "accept or reject" [Harris'] subjective complaints solely on the basis of personal observations, subjective complaints could only be discounted if they [are] inconsistent with the evidence as a whole.  [Citations omitted].  Important factors such as functional limitations …, aggravating factors …, side effects of medications …, and his work history … were not properly discussed nor considered.  [Citation omitted].

See Document 8 at 21.

---

[2] "Before determining a claimant's [residual functional capacity], the [Commissioner] first must evaluate the claimant's credibility.  In evaluating subjective complaints, the [Commissioner] must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions."  See Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) [citing Polaski v. Heckler].

The undersigned has examined the Commissioner's analysis of Harris' subjective complaints.   <u>See</u> Transcript at 14-16.   The Commissioner identified the <u>Polaski v. Heckler</u> factors, as well as the factors found in a number of Social Security Rulings, and applied those factors to the facts as he found them to be.   The Commissioner's findings with regard to Harris' subjective complaints are supported by substantial evidence on the record as a whole.   The Commissioner found numerous inconsistencies in the record that raise questions about the severity of Harris' subjective complaints, <u>i.e.</u>, his erratic employment record, his inconsistent use of a cane and a TENS Unit, his apparent avoidance of vocational counseling, the good results he had with pain medication, and his daily activities.   Thus, the Commissioner could find that Harris' subjective complaints are not fully credible.

<u>HARRIS' RESIDUAL FUNCTIONAL CAPACITY</u>.   Harris next maintains that the analysis of his residual functional capacity was erroneous.   He specifically maintains that "there is absolutely not one scintilla of evidence that the [Commissioner] secured even a residual functional capacity evaluation of [Harris] concerning his physical impairments!" <u>See</u> Document 8 at 19.   Additionally, Harris specifically maintains that the severity of his depression was not properly assessed.   He maintains that his depression gives rise to **moderate** limitations, not the **mild** limitations found by the Commissioner.   Harris maintains that the Commissioner's findings lack support from a "mental health care evaluation" and are contrary to those made by other professionals.

Residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004) [citing 20 C.F.R. 404.1545(a)(1)]. The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the person's] ability to function in the workplace." See Id. at 539 [citing Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003)].

The undersigned has examined the Commissioner's analysis of Harris' residual functional capacity. See Transcript at 16-17. With specific regard to Harris' assertion that the Commissioner was required to obtain a "residual functional capacity evaluation" of Harris' physical impairments, the record contains such an evaluation. See Transcript at 136-145. In addition, the Commissioner alone is charged with the responsibility of determining a claimant's residual functional capacity. See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004).

With specific regard to Harris' physical limitations, the Commissioner's findings are supported by substantial evidence on the record as a whole. The Commissioner could find that Harris' back pain, though certainly not insignificant, was mild and not disabling. The medical evidence reveals only mild degenerative and/or osteoarthritic changes. See Transcript at 176. Although he complained of back pain radiating into his legs and arms, the nerve conduction studies were apparently normal and showed no evidence of "lumbar radiculopathy or peripheral neuropathy ..." See Transcript at 180.

-7-

With specific regard to Harris' depression, which appears to be at the heart of his challenge to the Commissioner's final decision, the record is replete with references to Harris' long-standing depression.  The record contains a number of possible causes for, and/or symptoms of, his depression, e.g., stress brought about by marital and financial problems, see Transcript at 146, 198, 384; fatigue caused by a lack of sleep, see Transcript at 146, 384; grief over the loss of his mother, see Transcript at 148; chronic pain, see Transcript at 157, 198; a history of substance abuse, see Transcript at 216; feelings of sadness, see Transcript at 552; feelings of worthlessness, see Transcript at 442, 552; and mood swings, see Transcript at 552.  The record also contains a diagnosis of a mental pain disorder or a pain disorder with psychological factors.  See Transcript at 157-158, 384-385.

A review of the record in this proceeding establishes that the Commissioner did not question the existence of Harris' depression, just the severity of it.  In that regard, the Commissioner found as follows:

> [Harris'] test results in the April, 2002, psychological examination revealed mild depression.  ...  [He] reported increased psychological symptoms due to marital problems in August, 2002.  ...  Prior to his diagnosis of mental pain disorder, he had been diagnosed with major depression and had received treatment with medication.  ...  His major depression diagnosis lasted only a few months.  Because he was found to have mild depression when his pain disorder was diagnosed, the undersigned finds that [Harris] has depression, but it is nonsevere.

See Transcript at 14.

Harris challenges the Commissioner's foregoing findings for at least two reasons. First, Harris maintains that the Commissioner's findings were not based upon a consultative examination or a mental health assessment from a professional.[3] Second, Harris alleges that the Commissioner's findings are contrary to the findings made by one or more physicians with the United States Department of Veterans Affairs ("VA").

The undersigned has examined the Commissioner's analysis of Harris' depression and is satisfied that its severity was not underestimated.  Much of his depression is situational in nature as, for instance, he continually made mention of his marital and financial problems.  With regard to Harris' assertions, he has not come forward with any support for the proposition that a consultative examination or a mental health assessment is required in every instance, or was required on the facts as found by the Commissioner.  It is true that the Commissioner's findings are somewhat in conflict with those made by physicians with the VA, but the Commissioner could find that the major depression noted by the VA physicians was for only a "few months," <u>see</u> Transcript at 14, and was characterized as being more of a mild nature after he was diagnosed with a mental pain disorder.  Thus, the Commissioner could find that Harris' depression is mild.

---

[3]

Harris alleges that "the record is completely bereft of any consultative examinations given your Plaintiff whatsoever or even a PRTF completed at any point in time."  <u>See</u> Document 8 at 17.  He additionally alleges that "[i]t is well established that when there are mental impairments present, the [Commissioner], being a lay person, is not considered capable of making a mental assessment as to the degree of the applicant's mental dysfunction.  He should have retained a mental health care evaluation and his failure to do so renders the decision not supported by substantial evidence."  <u>See</u> Document 8 at 18-19.

Given the foregoing, the undersigned is satisfied that the analysis of Harris' residual functional capacity was not erroneous. It is instead supported by substantial evidence on the record as a whole.[4]

THE HYPOTHETICAL QUESTION. Harris last maintains that the Commissioner relied upon the wrong hypothetical question and answer. Specifically, Harris maintains that the Commissioner ignored the vocational expert's answer to the hypothetical question that contained Harris' true impairments and instead relied upon the answer to a question that did not contain his true impairments.

"'[T]estimony from a vocational expert is substantial evidence [on the record as a whole] only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies.'" See McKinley v. Apfel, 228 F.3d 860, 865 (8th Cir. 2000) [quoting Taylor v. Chater, 118 F.3d 1274, 1278 (8th Cir. 1997)]. The question need not contain every impairment alleged by the claimant, see Haggard v. Apfel, 175 F.3d 591 (8th Cir. 1999), and need not contain the impairments that impose no restrictions on his "functional capabilities," see Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994) (no error to exclude impairments in hypothetical question if impairments imposed no restrictions on claimant's functional capacities).

---

[4] Harris maintains that the Commissioner did not "really consider [Harris'] impairments in combination, although [the Commissioner] discussed that they did not meet a listed impairment, which is not disputed, there is some question as to whether or not he consider them in combination." See Document 8 at 19-20. The undersigned is satisfied, however, that the Commissioner considered Harris' impairments both singularly and in combination.

The record reflects that the Commissioner and Harris' attorney asked the vocational expert a series of hypothetical questions. <u>See</u> Transcript at 565-571. Initially, the vocational expert's answers were that there is work in the national economy that a hypothetical individual with Harris' limitations can perform. The vocational expert's answers changed, however, when the following impairment was added: "additional restrictions on repetitive hand movements with the dominant hand." <u>See</u> Transcript at 568.[5] The question for the undersigned is whether the Commissioner could properly choose to ignore the answer to the hypothetical question involving restrictions on repetitive hand movements with the dominant hand.

The Commissioner found that Harris suffers from "**mild** bilateral carpal tunnel syndrome." <u>See</u> Transcript at 18.  [Emphasis added].  The record in this proceeding supports that finding as there is very little evidence to support a more severe restriction. <u>See</u> Transcript at 59 ("probable mild carpal tunnel syndrome") and 107 ("mild … carpal tunnel syndrome").  The Commissioner could find that the impairment poses no real restriction on Harris' "functional capabilities" and, therefore, it was not necessary for the Commissioner to include the impairment in the hypothetical question he actually relied upon.  His decision to so exclude the impairment was supported by substantial evidence on the record as a whole.

---

[5]

Harris' attorney framed that portion of his hypothetical question in the following manner: the hypothetical individual "should not be able to engage in any kind of work-related activity requiring repetitive movement of the dominant hand." <u>See</u> Transcript at 569.

RECOMMENDATION.  The undersigned is satisfied that there is substantial evidence on the record as a whole to support the Commissioner's conclusion that Harris is not disabled within the meaning of the Act.  Accordingly, the undersigned recommends that his complaint be dismissed, and all requested relief be denied.  Judgment should be entered for the Commissioner.

DATED this ___29___ day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE